1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESE M. MCLEOD,

     Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

CASE NO. C13-1802JLR

ORDER ADOPTING
MAGISTRATE JUDGE'S
REPORT AND
RECOMMENDATION

## I.  INTRODUCTION

  This matter comes before the court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Mary Alice Theiler affirming the Administrative Law Judge's ("ALJ") decision to deny Plaintiff Therese McLeod's applications for Supplemental Security Income ("SSI") (R&R (Dkt. # 17)), and Ms. McLeod's objections thereto (*see* Obj. (Dkt. # 18).)  Having carefully reviewed all of the foregoing, all other relevant

ORDER- 1

1  documents, and the governing law, the court ADOPTS the R&R and AFFIRMS the

2  decision of the ALJ.

3  ## II.   BACKGROUND

4      Ms. McLeod was born in 1950, has a college degree, and has previously worked

5  as a book salesperson and tutor, among other jobs.  (Administrative Record ("AR") (Dkt.

6  # 12) at 71.)  In June 2009, Ms. McLeod filed an application for SSI, alleging disability

7  that began on February 28, 2008.  (*Id.* at 200.)  Ms. McLeod suffers from major

8  depression, post-traumatic stress disorder, and panic disorder without agoraphobia.  (*Id.*

9  at 43.)  The Commissioner denied her application initially and on reconsideration, and

10  she timely requested a hearing.  (*See id.* at 97-98.)  Administrative Law Judge M.J.

11  Adams held a hearing on March 18, 2011, taking testimony from Ms. McLeod and a

12  vocational expert ("VE").  (*See id.* at 39-65.)  On April 21, 2011, the ALJ rendered a

13  decision finding Ms. McLeod not disabled.  (*See id.* at 99-114.)

14      Ms. McLeod timely appealed the ALJ's decision, and the Appeals Council issued

15  an Order of Remand on January 26, 2012.  (*See id.* at 115-18.)  The Appeals Council

16  noted that the ALJ failed to provide any reason for his apparent rejection of the State

17  agency physicians' opinions that Ms. McLeod could do work involving superficial

18  contact with the public and coworkers.  (*Id.*)

19      The ALJ held a second hearing on June 6, 2012, taking testimony from Ms.

20  McLeod and a VE.  (*See id.* at 66-96.)  He issued a second decision, dated June 28, 2012,

21  again finding Ms. McLeod not disabled.  (See *id.* at 16-37.)  The ALJ found that Ms.

22  McLeod retains the residual functional capacity ("RFC") to perform jobs existing in

significant levels in the national economy, such as work as a library page, office helper, and laundry worker.  (*Id.* at 32.)

Ms. McLeod timely appealed the ALJ's second decision.  (*See id.* at 13-14.)  The Appeals Council denied review on September 11, 2013, making the ALJ's decision the final decision of the Commissioner.  (*See id.* at 1-7.)  Ms. McLeod timely filed this action.  (*See* Compl. (Dkt. # 3).)  Ms. McLeod argues that the ALJ again failed to provide specific rationale for rejecting the State agency physicians' opinions regarding her ability to interact with coworkers.  (*See* Op. Br. (Dkt. # 14).)

Upon reviewing the record, Judge Theiler issued an R&R recommending that the ALJ's decision be affirmed.  (*See* R&R.)  Judge Theiler found that, given the January 26, 2012, directive of the Appeals Council, the ALJ should have explained more specifically why he rejected the physicians' opinions.  (*Id.* at 6.)  Considering the totality of the decision, however, Judge Theiler ultimately found that the error by the ALJ is harmless. (*Id.*)  Judge Theiler recited some of the testimony from Ms. McLeod's second hearing with the ALJ and determined that "it is clear the ALJ concluded the record did not support any limitations in plaintiff's ability to interact with coworkers."  (*Id.* at 8)  Ms. McLeod timely filed an objection to Judge Theiler's R&R.  (*See* Obj.)

### III.    ANALYSIS

**A.    Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been

1    properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole

2    or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

3    § 636(b)(1). The court reviews de novo those portions of the report and recommendation

4    to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d

5    1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge

6    must review the magistrate judge's findings and recommendations de novo if objection is

7    made, but not otherwise." *Id.*

8        Although review of an R&R is de novo, the court must defer to the ALJ's factual

9    findings and may set aside the Commissioner's denial of social security benefits only if

10   the ALJ's findings are based on legal error or are not supported by substantial evidence in

11   the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).

12   With respect to the underlying decision, the court must examine the record as a whole

13   and may not reweigh the evidence or substitute its judgment for that of the

14   Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ

15   determines credibility, resolves conflicts in medical testimony, and resolves any other

16   ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

17   When the evidence is susceptible to more than one rational interpretation, the court must

18   uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

19       The court "may not reverse an ALJ's decision on account of an error that is

20   harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error by the ALJ

21   may be deemed harmless if it is clear that the ALJ would have reached the same result

22

ORDER- 4

1    absent the error.  *Id.* at 1115.  In each case, the court looks at the record as a whole to

2    determine whether the error altered the outcome of the case.  *Id.*

3    **B.    Ms. McLeod's Objections**

4          In this case, Judge Theiler found that the ALJ clearly "concluded the record did

5    not support any limitations in Ms. McLeod's ability to interact with coworkers."  (R&R

6    at 8.)  Thus, Judge Theiler concluded that the ALJ's failure to provide greater specificity

7    in his reasoning was inconsequential to the ultimate nondisability determination.  (*Id.* at

8    4.)

9          According to Ms. McLeod there are three reasons why the ALJ's error should not

10   be deemed harmless.  (*See* Obj. at 3-4.)  First, Ms. McLeod challenges Judge Theiler's

11   conclusion on the ground that the ALJ inconsistently applied his own credibility findings.

12   (*Id.*)  The ALJ stated that he did not find all of Ms. McLeod's allegations of symptoms to

13   be credible.  (AR at 28.)  Although the ALJ accepted Ms. McLeod's claim that she is

14   unable to interact with the public, he apparently rejected Ms. McLeod's claim that she is

15   unable to interact with coworkers.  (*See id* at 27.)  Ms. McLeod asserts that "the ALJ did

16   not differentiate between reasons for finding Plaintiff not fully credible regarding her

17   ability to interact with co-workers or to interact with the public."  (Obj. at 4.)  Therefore,

18   according to Ms. McLeod, Judge Theiler improperly inferred that the ALJ concluded that

19   Ms. McLeod has no limitations in her ability to interact with coworkers.  (*See id.*)

20         The ALJ, however, provided substantial evidentiary support and explanation

21   regarding his findings on Ms. McLeod's credibility.  (*See* AR at 28-31.)  Ms. McLeod

22   largely ignores her own testimony upon which the ALJ relied.  (*See*  Obj.)  The ALJ

ORDER- 5

1   challenged Ms. McLeod's credibility by citing various examples of her activities

2   involving "others" in general.  (*See* AR at 28-30.)  In addition, the ALJ specifically

3   quoted Ms. McLeods's own testimony that she could get along with most coworkers and

4   liked her coworkers at a previous job.  (*Id.* at 28.)  The fact that the ALJ found Ms.

5   McLeod credible regarding one limitation but not credible regarding another does not

6   undermine his ultimate findings.

7          Second, Ms. McLeod argues that the ALJ's failure to provide a specific rationale

8   for rejecting physicians' opinions concerning her ability to interact with coworkers was

9   not a harmless error because the ALJ found that she has "moderate difficulties" in the

10  area of social functioning.  (Obj. at 4.)  Thus, according to Ms. McLeod, Judge Theiler's

11  inference that the ALJ clearly "concluded the record did not support any limitations in

12  Ms. McLeod's ability to interact with coworkers" was improper.  (*Id.*)  Again, Ms.

13  McLeod fails to examine the ALJ's decision in its totality.  Judge Theiler's analysis

14  thoroughly examines the ALJ's decision and provides many examples that put the ALJ's

15  findings in full context.  For instance, the ALJ described Ms. McLeod's time spent

16  "doing work-like activity in volunteer positions" at a theater and a museum.  (AR at 27.)

17  In addition, the ALJ noted that Ms. McLeod attempted to start teaching classes at the

18  Folk School, indicating that she believed she had some ability to work with others.  (AR

19  at 28.)  Finally, the ALJ also observed Ms. McLeod's casual interactions with people,

20  including having guests over for dinner, walking with a friend several times a week, and

21  sharing a book she wrote with a friend.  (*Id.*)  In light of the record, the court finds Judge

22  Theiler's reasoning persuasive and rejects Ms. McLeod's second argument.

1    Third, Ms. McLeod contends that the ALJ did not properly comply with the

2 Appeals Council's remand order to provide a specific rationale for rejecting the

3 physicians' opinions on Ms. McLeod's ability to interact with coworkers, and therefore

4 his error was not harmless.  (Obj. at 4-6.)  This argument is a rehash of the same issue

5 Ms. McLeod presented to Judge Theiler, and it does not constitute an objection to Judge

6 Theiler's R&R.  (*See* Op. Br.)  The court has thoroughly examined the record before it

7 and finds Judge Theiler's reasoning persuasive in light of that record.  Ms. McLeod

8 essentially reargues the arguments she made to Judge Theiler, and the court

9 independently rejects them for the same reasons articulated in the R&R.  (*See* R&R.)

10    Having analyzed each of Ms. McLeod's objections, the court agrees with Judge

11 Theiler that the ALJ's error did not alter the ALJ's ultimate finding, and the error was

12 therefore harmless.  The ALJ is not required to "recite the magic words 'I reject [the

13 doctor's] opinion . . . because' . . . ."  *Magallanes v. Brown*, 881 F.2d 747, 755 (9th Cir.

14 1989).  Ninth Circuit precedent "do[es] not require such an incantation" when rejecting a

15 physician's opinion.  *Id.*  The ALJ provided substantial support for rejecting the State

16 agency physicians' opinions regarding Ms. McLeod's ability to interact with coworkers.

17 (*See* AR at 28-31.)  Therefore, Judge Theiler properly inferred that the ALJ rejected the

18 State agency physicians' opinions and that the ALJ's error was inconsequential to the

19 ultimate nondisability determination and therefore harmless.

20                          **IV.    CONCLUSION**

21    For the foregoing reasons, the court ADOPTS the Report and Recommendation

22 (Dkt. # 17) in its entirety, DISMISSES Ms. McLeod's proposed complaint (Dkt. # 3)

1   with prejudice, and DIRECTS the Clerk to send copies of this Order to Ms. McLeod, to

2   counsel for Defendant, and to Judge Theiler.

3          Dated this 7th day of July, 2014.

4

5

6          _____

7          JAMES L. ROBART
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 8